IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SOCIAL BICYCLES LLC d/b/a JUMP, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> CITY OF CHICAGO DEPARTMENT ) <br> OF TRANSPORTATION; CITY OF ) <br> CHICAGO, ) <br> ) <br> **Defendants.** ) | Case No. 19-cv-05253 <br><br> Hon. Joan H. Lefkow |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants City of Chicago ("City") and City of Chicago Department of Transportation ("CDOT"), by and through their counsel, Mark A. Flessner, Corporation Counsel for the City, respectfully move to dismiss Plaintiff's Complaint ("Complaint" or "Compl."), pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. In support of this motion, the City states as follows:

1. This case concerns the City's contracts with a private company for the operation of a Citywide bicycle sharing system ("bikeshare system"). The City entered into a contract with the company for the operation of the bikeshare system in 2013, and the parties to the contract amended their agreement in 2019. Plaintiff Social Bicycles LLC d/b/a JUMP is a competitor of the company that operates the City's bikeshare system. Compl. ¶ 31. Plaintiff challenges the validity of both the 2013 agreement and the 2019 amendment to the agreement, asserting that the City entered into both contracts without following the competitive bidding procedures purportedly required by the Illinois Municipal Purchasing Act ("MPA"), City law, and due process. But Plaintiff is simply wrong about what the law requires when a home-rule unit like

1

the City seeks to enter into a contract of the type at issue here. The MPA's bidding requirements do not apply to the contracts at issue. And rather than prohibit the contracts, the City Council expressly authorized them. Finally, the contracts raise no substantive due process issue. Plaintiff therefore fails to state a claim, and the Court should dismiss the complaint.

2. To survive a motion to dismiss, a complaint must allege "sufficient facts that make the plaintiff's claim plausible." *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019). Though a complaint need not include detailed factual allegations, a plaintiff must "provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action" in order to state a claim. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). When ruling on a motion to dismiss, a court may consider not only the allegations in the complaint, but also "documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). Where a properly-considered exhibit contradicts the allegations in the complaint, the exhibit ordinarily controls. *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013).

3. Plaintiff asserts that the 2013 agreement and the 2019 amendment are invalid because the City failed to comply with section 8-10-3 of the MPA. *See* 65 ILCS 5/8-10-3. But section 8-10-3 of the MPA does not apply to either contract. Section 8-10-4 of the MPA expressly states that the competitive bidding procedures of section 8-10-3 do not apply to certain kinds of contracts, and the agreement and amendment fall into three of those categories. In addition, even if section 8-10-3 covered the type of contracts at issue in this case, the City has authority as a home-rule unit to choose the manner in which it enters into contracts unless a state statute specifically preempts its home-rule authority, and nothing in the MPA preempts the

2

City's authority here. *Cf. American Health Care Providers v. Cty. of Cook*, 265 Ill. App. 3d 919, 930 (1st Dist. 1994) (county had no obligation to follow competitive bidding requirements contained in the Counties Code because code did not evince "clear intent to limit or preempt the County's home rule power"). Count I of the Complaint should therefore be dismissed.

4. Nor is the agreement or amendment invalid for failure to comply with City law. The provision of the Municipal Code of Chicago ("MCC") Plaintiff cites, MCC § 2-92-615, simply does not apply here. That provision applies only to contracts entered into by the City's Chief Procurement Officer ("CPO"), MCC § 2-92-615(a)(i), and the CPO did not enter into or award the agreement or the amendment. In any event, even if MCC § 2-92-615 applied, the contracts would not run afoul of City law because the City Council passed ordinances expressly authorizing each contract. Compl. ¶¶ 24, 34. Count II of the Complaint should therefore be dismissed.

5. The City's actions with respect to the contracts also fail to raise any substantive due process concern. Plaintiff does not allege any "fundamental civil right" implicated by the City's alleged actions in this case. *Wozniak v. Conry*, 236 F.3d 888, 891 (7th Cir. 2001). Nor does Plaintiff allege any governmental conduct that is so arbitrary or irrational that it "shocks the conscience." *GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 368 (7th Cir. 2019). On the contrary, as discussed in the memorandum in support of this motion, the City's actions had a rational basis. Counts III and IV of the Complaint should therefore be dismissed.

6. Plaintiff's claim for a declaratory judgment (Count V) is premised on the claims asserted in Counts I through IV. Count V therefore fails for the reasons Counts I through V fail.

7. Even if Plaintiff could state a claim on the merits, it lacks standing to challenge the validity of the 2013 agreement, and its challenge to that agreement is also time-barred.

3

Plaintiff complains about the process used to award the 2013 contract. Yet Plaintiff does not allege that it would have bid for—or won—the contract if the City used a different bidding procedure. Thus it has failed to allege that any injury it suffered "can be traced" to the City's allegedly unlawful bidding procedures concerning the 2013 agreement, and Plaintiff lacks standing to challenge the validity of that agreement. *Simon v. E. Kentucky Welfare Rights Org.*, 426 U.S. 26, 43 (1976). In addition, because Plaintiff brought this suit more than six years after the award and execution of the 2013 agreement, its claims challenging that agreement are barred by Illinois' five-year "catch all" statute of limitations. *See* 735 ILCS 5/13-205.

**WHEREFORE**, and for the reasons stated more fully in Defendants' memorandum in support of this motion, Defendants respectfully request that the Court dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted, and grant the City such further relief as the Court deems just and appropriate.

Dated: September 26, 2019

Respectfully submitted,

MARK A. FLESSNER
Corporation Counsel, City of Chicago


By: /s/ Justin Tresnowski

John Hendricks
Deputy Corporation Counsel
Andrew W. Worseck
Chief Assistant Corporation Counsel
Justin Tresnowski
Assistant Corporation Counsel
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-6975 / 4-7129 / 4-4216

4

Fiona A. Burke
Chief Assistant Corporation Counsel
City of Chicago, Department of Law
Aviation, Environmental, Regulatory,
    & Contracts Division
30 N. LaSalle Street, Suite 1400
Chicago, IL 60602
(312)744-6929

*Attorneys for Defendants*